Let's give everybody a moment to collect their belongings and shift. All right, so we will now proceed with the case I just called with Mr. Price for Firefighters. I don't know if I pronounced your name right. Prius or Price? Got it right the first time. Thank you, Your Honor. I think that you probably recognize the case because I believe you had this case, or one of the versions of it, back about three years ago when we had to establish jurisdiction in the case. But in any event, I represent the Firefighters Retirement System, the New Orleans Firefighters and Pension Relief Fund, and the Municipal Employees Retirement System. And the case arises out of an investment that the three funds made in one of the Fletcher entities known as Leverage in the year 2008. Now, EisnerAmper became the auditor of Leverage in April of 2010 and was responsible for issuing the 2009 audited statement. And for a period of 14 months, the audited statement was never issued. And so the merits of the case primarily relates to whether or not, during that 14-month period, when they knew that there were problems concerning the valuation of the assets, what they should have done. Now, my appeal comes up in the context of whether or not they waived the right for the accountant review panel to review their claim. Their cross-appeal relates to two separate issues, of which one of them is, number one, whether this court desires to make a factual determination on the reasonableness of their conduct in concealing the alleged fraud, which is the second issue. And then the first one is whether the court is inclined to make that determination absent the district court making that determination. The record's very clear that the district court said, we're not making a determination of the issue of the reasonableness of their action and whether the claim is prescribed. So the arguments that I want to present to the court this morning as appellate relate to whether they have waived the claim. Now, the facts in this case are somewhat unusual. You mean the Estoppel argument? Excuse me, sir. The Estoppel. Your argument will focus on Estoppel, that they can't bring up this argument? Or do you want to challenge legally and factually whether the suit was premature? That's correct. In other words, I'm — the argument that I have on appeal is whether the claim should ever have been referred to the CPA panel as determined by the court, of which I am the appellant. I am the appellee on whether — With prejudice versus without. Without. It was without prejudice. Okay. And I am the appellee on their claim that — So the argument where you're the appellant, the district court's error was a factual one or a legal one that you came into Federal court without first going to the review panel? I think it was a legal error. And as the Court is aware, the standard of review that we have here under the CPA Act under Louisiana law is the coverage of the Act is strictly construed. So the question becomes whether or not it should have been referred to the CPA panel after it had been pending at the district court for three years. Now, what is unusual about this case is that they certified to the court by affidavit, when they raised their issue of personal jurisdiction and venue, that they had no relationship with the state of Louisiana. And after the claim was filed, they deregistered with the accounting board. And those facts are essentially uncontested. So the question that comes up is absence a determination of whether Louisiana law was applicable or the law of some other jurisdiction, like the Caymans because of the personal venue issue, whether the accounting — whether it would be premature to file the claim with the accounting panel. Now, the Cotter case, which we mentioned in our brief, deals with that issue. And it's out of the Eastern District of New Orleans. It essentially holds that the accounting statute is substantive. Now, that's a big deal in terms of the way that this case has to be dealt with. They made the decision to file a claim of no personal jurisdiction and lack of venue. And until that issue could be determined, then there was no way to determine whether the substantive law of Louisiana would be applicable or that it should be referred to the CPA panel. I guess I — you take — you file an action in Federal district court. I filed it initially in State court. State court in February of 2014. That's correct. Why isn't that alone violative of 105? I'm not sure I understand. Why? You don't then file to the review board until 2017. That's correct. Why isn't that — therefore, you tried to commence an action against a certified? In other words, why didn't I file it with the review panel in the very beginning? Before you commence an action in court. Because they were an out-of-state CPA firm, and I didn't think that it was applicable to the case at hand. One of the entities is a Cayman entity, and the other one is a New York entity, and all of the actions took place in New York. So I thought that the substantive law of Louisiana was not applicable to the case. So I filed the action in State court. Now, to me, the better question is, why didn't they file on prematurity at that point in time? It's pretty obvious. They didn't want to say that the Louisiana accounting panel had any application to this, because at that point in time, before the ruling of this court that it was related to jurisdiction under the Bankruptcy Act, which afforded nationwide service, they wanted to take the position that they didn't have any contacts with Louisiana. So for a period all the way from the filing of the lawsuit, plus a time period that the action was stayed while we were determining whether all the cases would remain in federal or State court, the issue set. And then in 17, the district court looked at the issue and determined rightfully so, based upon the ruling of this court, that related to jurisdiction existed, that there was nationwide service, and that there was personal jurisdiction over these gentlemen in Louisiana. So it was only at that point in time that it was clear that the substantive law of Louisiana applied. Now, having said that, there's two important facts that further go to the point, and it comes in under that the coverage of the Act is strictly construed. First of all, that they swore to the district court they had no contacts with Louisiana. That's a big deal. It's not a legal posture. They swore to the district court that they had no contacts with Louisiana. This goes into your estoppel argument. The district court doesn't embrace that theory. So if we're just looking at whether there was legal error as to 105, it says any action against a certified public accountant, it doesn't say that that accountant had to be registered in Louisiana. And even if it did, they were registered at the time of State actions, right? Actually, they were registered at the time that the lawsuit was commenced. There's no question about that, okay? So what's the best authority that says that 105 only applies to firms that are registered in Louisiana? That it's a substantive legal issue, and until you determine whether the law of Louisiana is applicable to the action, the statute is not commenced. That's the Cotter case that was decided by the eastern district. Right. But Cotter just said we're looking at Illinois law. There aren't contacts. That's it. We don't need to think about what Louisiana law is. Well, you don't know at this juncture whether New York law or Cayman law. It would seem to me that's a high risk that lawyers for the firefighters faced. They had to assume that there would be contacts because the law is written broadly. Well, I would respectively say that you would look at the law that's presented under the statute, and if you would look at 4A37-108, court of competent jurisdiction, and we cite the law in our brief that that statute itself implies that there would be a court of competent jurisdiction for the appeals to be made to until you determine whether or not there was a court of competent jurisdiction based upon the issues they had raised, there's no forum to appeal it to. The second issue is that if you look under Section 37-109, there's an ambiguity in the statute because it says that the lawyers that are appointed would be where they maintain, the accountants maintain their principal place of business. It's a clear implication that it's only applicable to lawyers that are, or to accounting firms that are registered in the state. And then finally, under 3794A2, it requires a notice of intent. Under 3794A2, it requires a notice of intent to exercise the privileges. Well, they did just the opposite. They deregistered. And the reason why they— I'm just going to—since you're a cross appellee on a tough issue, do you want to use your last three minutes on the cross appeal? Do I have five— You do have rebuttal time. That's right. Let me finish these points here. Okay, that's fine. That 3794A2 says, however, such individuals shall notify the Board of their intent to exercise the privileges afforded by this section, which was just the opposite. They deregistered. So I think that if the Court is to determine that it's a— and follow the Eastern District decision that it's a substantive law provision, there's no way that any application of it can be determined until there's a determination as to which law is applicable. And I think they made the decision to contest the issue, and that's the way that they took it. In terms of the cross appeal issues, I think that the key issue on cross appeal is the Lamont case. And the question under Lamont is whether the three-year preemptive period is applicable to anything other than a lawyer malpractice action. And that case comes up in the context of a cover-up of malpractice. The original act was not fraudulent, but the cover-up was deemed to be fraudulent in that case, concealed. So the question becomes as to whether that case would be— this is a Supreme Court case by the Louisiana Supreme Court— and the question becomes as to whether that case would be extended to cover accountants. Not just extended across the industry, but also extended to facts where the alleged fraud was contained in the original investment decision, not once you reasonably knew from the trustee's report. Well, in this particular case it applies in both instances because we still don't know the extent of the fraud. I mean, the trustee's report was a report that was rendered that the exhibits were not made public, and as you know it's hearsay and it's not admissible and really would not be the basis for the filing. Now, it does deal with the conflict that Eisner had in it in what they chose to do, but in terms of the substantive evidence that we would have needed to show their knowledge of the IEP note, that didn't exist. I would add two points. First of all, that none of these factual issues were reviewed by the district court, and I think the court's well aware of the law on that issue. And then under the fraudulent concealment case and avoiding the three-year preemptive time period, the law is clear that it goes in under the regular Louisiana statute assuming that under 5604E, assuming that fraudulent concealment is involved. And the law in this jurisdiction is very clear that fraudulent concealment is a question of fact and not decided on the pleadings. Okay. You have saved time for a vote. Thank you. You've used up your current time. Thank you. Mr. Connolly for the appellee and cross-appellant. Good afternoon. May it please the Court, my name is William Connolly. I represent the appellee and cross-appellant Eisner-Amper LLP, which I will refer to today as Eisner. With the Court's permission, there are three issues I thought I would focus on in today's presentation, which have been addressed in the briefing and have also been addressed in my opposing counsel's presentation this morning. The first two deal with the appeal, and then the last one deals with the cross-appeal. With respect to the appeal, the two issues I'd like to focus on are this issue of estoppel and whether any estoppel or waiver or whatever legal doctrine is invoked should apply as a result of arguments made by Eisner regarding both the account and review panel and personal jurisdiction to some of the questions you raised, Judge Higginson. And then second, a theme that sort of pervades the briefing by appellants and also a little bit the presentation this morning, suggesting that it is the obligation of the accounting firm to commence review panel proceedings when in fact it's quite the opposite. It is the obligation of the claimant, in this case the funds, to commence an account review proceeding. And then the issue I was going to focus on with respect to the cross-appeal is to address Lomont and the view of whether, as the funds suggest, Lomont takes this Court irrevocably into factual determinations or whether there's a simple answer here that it would make it appropriate for this Court to exercise its discretion to take that extra step and confirm that the dismissal is with prejudice. If I could turn back to the funds appeal first. Judge Higginson, several of your questions were keyed off points I wanted to make. The statute is clear that it is the obligation of the claimant to go to the Louisiana review panel. This is a petition where we can look on its face and see that it invokes Louisiana law. There is no need to wonder what law would apply. There were claims asserted in the petition, which is in the record, claims for violation of Louisiana securities law statutes, Louisiana unfair trade practice act. When it went into briefing, plaintiffs relied on Louisiana law. This wasn't a situation at all akin to a Cotter v. Gwynn where the district court could have looked at this and thought, oh, my goodness, this has nothing to do with Louisiana. Plaintiffs chose to craft their claims and present them the way they did. They crafted and pled them in a way that squarely implicated the Louisiana accountant review statute and the obligation to go to the Louisiana accountant review statute, and they failed to do so. If the accountant weren't even registered, would that matter in Louisiana? There's potentially, but not under the facts of this case. So, first, there's this substantial equivalency rule in the Louisiana accountant statute, and so you'd have to ask yourself, do you have an accountant, accounting firm that hasn't become licensed with Louisiana? It's still entitled to the protections of the act if it is licensed through a substantially equivalent state. Now, the record shows that at all relevant times, New York was a substantially equivalent state, but having said that, that's not an issue we reach in this case because at all relevant times in this case, Eisner was a licensed Louisiana firm. They were a licensed Louisiana firm as of November 25, 2013, when plaintiffs by their repeated admission learned of their claims against Eisner. They were a licensed Louisiana firm on February of 2014 when this Louisiana law-driven complaint was filed in a Louisiana state court. They were licensed when it was removed to the district court, and they were licensed a year later when the time to bring a claim to the accountant review panel expired. And the answer to, one, the factual truth that you did let the license lapse, at least as of the time they filed the motion to dismiss, correct? And their suggestion, as I sense, and this bleeds into an estoppel argument is, well, that was part and parcel of your argument that we don't even have contacts down there, therefore, no jurisdiction. And that lulled them into thinking that this review board law wouldn't apply. So let me take that in two pieces. I think there's two issues in there I'd like to respond to, Judge Higginson. I'll take the second one first. Did it lull them into not going to the review panel? Eisner made no arguments in any motion to dismiss until well after the time to go to a review panel had expired. A motion to dismiss wasn't filed until the fall of 2015. The time to go to the review panel had expired at the very latest in November of 2014. So there was no lulling during the time. In search of lulling, I went and looked at everything that was filed in the time period that was that one-year ticking period, and the only filing by Eisner during that time period, and it is in the record, I apologize, it is in the record at 334 to 338, was the petition for extension of time, where Eisner asked for an extension of time to file its motion to dismiss. And if you review that document, you will see the basis that was provided to the court for that extension of time was that we were watching what was happening in the first case, what we call the Sitco case, the first of three related cases in the district court. In that court, there was remand practice that ended up in the Fifth Circuit before your honor. Is that the one he was talking about? That's the one he was talking about. The third one's pending for the same issue, correct? The Grant Thornton appeal, I believe, is currently scheduled to be argued in June before this court. Their apprentices or auditor, I think they would say some of their issues are a little different, but broadly speaking, the same statute, account review panel, the whole Lomont, yes. You're certainly going to listen to the arguments today. Excuse me? They are certainly going to listen to the recording of the arguments today. Yes. But let me go. So in that petition for time, we pointed out that in Sitco 1, the plaintiffs themselves had asked the district court to have all motions to dismiss not heard until remand was decided. So we said if that's what's going on in the Sitco case, in the first Louisiana case, you all do the same thing here, and we previewed that we would be filing motions challenging jurisdiction and motions to dismiss. So, again, that was the event. We foreshadowed both 12B. We foreshadowed jurisdiction. We foreshadowed a host of arguments. If I could move on now to the direct estoppel argument. I'm curious. When you say foreshadowed, did you mention 105 or probably not? No, we did not get into any. I mean, we ended up raising probably ten arguments in our motion to dismiss, all of which fit under the rules. We just foreshadowed the rules, not the specifics of the claims, the arguments, rather. On the estoppel point, as the Court knows from the cases, we don't have here inconsistent positions taken at different times in different cases or even different times in the same case. When Eisner filed its motion to dismiss, Eisner did what parties always do when they file a motion to dismiss. They raised all their 12B arguments at once. They briefed them and they laid them out, and the district court took them in the order that you take these arguments. First, do we have jurisdiction? Second, okay, we have jurisdiction, as the magistrate judge found, as the district court approved. Now we'll go to the account and review panel issue. Ruled on that issue, never reached any of the many other arguments we raised, why the complaint could be dismissed, all the 12B-6 arguments. Tell us why we don't have to remand. If we agree with you on the main appeal, why don't we have to remand on the cross appeal? On the cross appeal, I suspect many parties, I suspect few parties show up before this court and tell this court what it must do, but many of them politely suggest what it must do. We're not here today saying the court must take up whether it's with prejudice. We're suggesting the record is clear, judicial economy and efficiency would be served, there is a daisy chain of account review proceedings and further legal challenges already pending in the lower courts, stay pending whether this court takes the issue up now or not. Why you can reach it now is, as I understand the funds argument, it cannot, there are two paths to deciding whether or not their fund is, their claims are time barred. One path goes through 95604A, it's sort of the traditional default path. The second path would go if there was a finding that they had pled enough to invoke 95604E, in which case we look to Lowmont to learn what time periods govern. Both paths come to the same end result. Both paths come to a requirement that they file their claim within one year of discovery with the accountant review panel. Under 95604A, it's straightforward, one year of discovery. They didn't file it within one year of discovery for the reasons we've discussed. But so here's a question, and I'll see if I can phrase it correctly. It sounds like you're saying if there's fraud, then they have to file within a year of discovery of the fraud. But I'm wondering, can one look at this and read it to say that if there's fraud, then the more limited statute of, I'm sorry, prescriptive period goes away, and in fact you're back in the regular world of 10-year for contracts and whatever else the prescriptive periods are. And wouldn't that alter the outcome here? I agree with the first part and don't agree with the second part, Your Honor. You understood the question, so give me an answer. Yes, I did understand the question. So with respect to the first part, yes, you do need to go to something. If 9560, well, in Lowmont it was 5605 because it was the attorney malpractice, but whether 05 or 04 for accountants. You do need to go to something to find a limitations period if we can no longer use 04 or 05A. But Lowmont teaches you what you go to. You go to Louisiana Civil Code Article 3492, which provides a one-year period. That's what the court did in Lowmont. In Lowmont, the Louisiana Supreme Court, when it determined that it could no longer use the periods in 05A, it went to Civil Code 3492, which has a one-year period, and took it. And that's why I say we end in the same point regardless of which path we take. If they haven't pled enough to invoke E, then we just have the straightforward path where they're barred with one year from discovery. If they have pled enough for E, we follow the law. So you're saying no way, no how do they go back to what we would just call the regular prescriptive period for these kinds of causes of action? Yes, Judge Haynes, and that's what Lowmont teaches us. Because Lowmont didn't then say I need to go look at every possible statute of limitations. It said if we're getting here because of fraud, we are going to go and grab 3492, and we're going to use it. And now, Judge Haynes, you talked earlier today about the role of this court in the context of this court versus Congress. Here now this court is sort of a different role of this court. We're now in a world where we're not talking about what Lowmont said because we're now in the accountant review statute. So we're sort of predicting what the Louisiana Supreme Court would say. That's a pretty good prediction, though, since it's similar. Yes, absolutely, but I'm just making clear that I'm making it up. I mean, I guess I didn't read Lowmont that specifically to take me back to the fraud statute. So I guess I'll need to read it again in light of what you said, because it seemed more like we just start over and go back to, like, the 10-year period and stuff. But you're going to direct me to something that clarifies that for me, and that's great. I can do it quickly enough. All right, please. I apologize. I am not going to do it. Here we go. Sorry. So it would be page 637 is where I would direct you. That's the end of the discussion, but that's sort of where the magic quote. Thus, we hold in cases where fraud is established pursuant to Louisiana Revised Statute 95605E, a legal malpractice claim is governed by the one-year prescriptive period set forth in LACC Article 3492. Now, that's a one-year claim. So we would argue by analogy and extension, not that the Louisiana Supreme Court has addressed this, but it hasn't, that that would be the analysis that you would carry forward if you were going down the subsection E path with an accounting firm. Further questions on that before I move on? Go ahead. Going back to something you raised earlier, Judge Higginson, now I'm back into the funds appeal. I just want to make sure I touch on this. There's the notion, because it's raised in the briefing, that I— Okay. Can I just—I found what I was looking for. I'm sorry. I told you to go ahead, but now I'm backing you up. That was a delictual period, and if they brought a contract action, wouldn't you go to the contractual period? The period that Lomont went to was one year because it was a delictual action, and forgive my pronunciation of some of these complex Louisiana words. But isn't—if there's a contract action, then don't you go to the contract period? That's my confusion on Lomont. I guess it's a great question. I haven't considered—this petition didn't assert a contract action. Well, the third-party beneficiary, would that be treated as a contract or something else? I guess that one would potentially be treated as a contract action. I—just to be clear, I appreciate the issue that you were raising, Judge Haynes. Our view is that it's not so much the nature of the claims that's driving what this reverts to. It's the nature of having used fraud to get out from under the period of A that is causing— But it's the effect of using the fraud. Does the effect of using the fraud bump you into the fraud period, or does it now wipe out the shorter period of 9-5—whatever it is—9-5-6-0-4 and put you just back in the world where contracts are 10 years and torts are something else or whatever? That's the question. No, I appreciate the question. Judge Higgins, in reverting to your question, there's a suggestion that Eisner somehow took advantage or made hay with the fact that its license had lapsed from a jurisdictional sense. And that's not borne out by the record. If you examine the motions to dismiss, Eisner acknowledged it was registered to do business in Louisiana. It did not argue jurisdictional significance of the fact that the license had lapsed in December 31 of 2014. And to be clear, it would have been odd if Eisner did so because it wouldn't have been relevant to a personal jurisdiction analysis. Personal jurisdiction analysis, as it was argued by Eisner in the lower court, is based on the contacts and the jurisdictional situation at the time the complaint is filed. You can't sort of improve your lie on jurisdiction by sort of trying to do things after the fact to have less contacts. I believe that's a safe statement of the law, but even if it's not, on this record, Eisner didn't argue that. Eisner also didn't, there's sort of a fair amount of thundering in the briefs, and you did thundering, but sort of thundering here a few moments ago, that Eisner swore it had no contacts with Louisiana. Eisner didn't swear that. If we look at the record, if we look at 1093 to 1094, which is the Peter Testaverde affidavit, if we look at 1090 to 1092, which is the declaration of Jeffrey Melnick, who was the CFO at the time of Eisner, what you see is Eisner putting in the jurisdictional facts that parties put in when they're engaged in a discussion about whether general jurisdiction or specific— We don't have an office there. We don't have this or that. And to the—just to the—because it was— And the legal argument is that's no minimum contacts. It's not insufficient— What if I say I don't have an office there and I don't have a this and I don't have a that? Then the lawyer draws the conclusion, therefore, there's no minimum contacts necessary for personal jurisdiction. Is that your argument? Exactly. And Eisner's CFO disclosed revenues and billings from Louisiana-based clients, revenue disclosed hours worked by Eisner employees in the state of Louisiana, because that was something Eisner tracked. There were such. There were not a lot of such, but there were such. They were disclosed. And this was all in the context of, in this time period, making what was still sort of new arguments under the Daimler AG general jurisdiction case, the Walden v. Fiore specific jurisdiction case, where we were coming to grips with that. And, again, to an estoppel point, made in the same motion to dismiss, made in the alternative, not accepted by the district court, which is also important to estoppel. The district court found personal jurisdiction and proceeded on that basis. In fact, just, I mean, I think you've nailed on the estoppel, but Lomont was three years ago. Is there any relevant lower court Louisiana case law? No. We have one case post-Lomont. There is, I think it's the Bickerstaff case that actually just continues on with the appropriate approach being to dismiss a claim that's filed in a court prior to the filing of an accountant review panel petition, but does not come to grips with any of the issues, judge Haines, that you were arguing about. There's another case called Cotier that is just interesting only in that a district judge in the Eastern District of Louisiana expanded or said that Lomont's reasoning would be applicable to, I think it's the insurance broker provision, you know, 95604 accountants, 05 lawyers. I forget the one for insurance brokers, but again, not grappling with these difficult issues. You know, Lomont was a case where once the court found that one-year period, the plaintiff's claim was clearly saved because the client had clearly gone to court within a year of learning the truth of the claim against her own attorney. Here in our case, because of the repeated admissions of when they knew of their claims, we also have equally clear evidence that they did not go to a review panel within a year of that. What's the status of the claim before the review board that was filed last year? It was filed in 2017, and that was terribly late. I know, but was it just pending? Oh, I'm sorry. You're asking the status of it. I apologize. It is pending. The Louisiana Society has stayed the administration of that proceeding. Pending motions to dismiss. We filed in some lawsuits that were filed in federal district court after the district court's dismissal in this case. We have briefed these issues again. They were related to Judge Dick, and they are before her. She has administratively stayed that case and dismissed those without prejudice, pending seeing whether this court takes up that issue or not. Oh, my goodness. And so here we are. Endless loop. Thank you. We appreciate it. Thank you for the time. All right, Mr. Price, let's hear your rebuttal. Judge Haines, if you would look at JBS security, or JBS Liberty Security's 2017 WL6758447, it goes to the exact issue you were asking about. I'm sorry. Can you give me the last? Can you give me that side again? 6758447, it goes to the exact issue that you were asking about, and in that particular case cited by the Western District, they applied the 10-year statute of limitations to the fraud. 10-year contractual statute or 10-year fraud statute. The 10-year fraud statute. Fraud statute, okay. So then why did Lomont apply the one-year delictual statute? Say that again, ma'am. Why did Lomont apply the one-year delictual? Ma'am, I'm sorry, I'm pressing. Because of the original transaction was not fraudulent. It was tort. Original transaction was not fraudulent. There was a reason why. Okay. But it doesn't seem that the application of Lomont is terribly contested here that it applies to this case, and it doesn't really contest the fact that it would also apply to accountants like it would apply to lawyers as set forth in the Cotter case. So the only question that comes up on the cross-appeal issue is, you know, should the court make the factual determination, and whether we've alleged enough in the complaint, which they didn't. But when you put it like that, should we make a factual determination, then you're looking for an outcome, which is no, because appellate courts don't typically find facts. We can say there are no disputed facts. We can say all the facts, there's no other way to come out. But we don't decide facts, as fun as that would be. That's right. As fun as it would be, and that's the reason why their cross-appeal should be dismissed. Well, actually, under that argument, we should send it back, because we need to know was this with or without prejudice. And so if there is something that needs to be decided in the district court to get to that answer, don't we have to send it back? Well, I think the record is clear it's without prejudice, and the district court says that, and that it says it is not making any determination of whether it was found timely. So that's not even contested. So the only question that comes up is whether or not it should have gone to the CPA panel. Ann? No, I mean, I guess the thing is, if you've raised two arguments to a court and one of them gets you a dismissal without prejudice and one gets a dismissal with, the question is does the court have to consider the one? If they've given you the without, you got part of what you asked for, but not all. Does the court have to consider the one that would give you the home run versus the one that just got you on second base, or whatever the right analogy is? Well, it was dismissed without prejudice. It was referred to the CPA. Yes, but the question on appeal, somebody is complaining about that, and they're complaining by saying you have to construe it as a with prejudice, but let's take it your way that it was without. But having asked for a with, do we have to send it back to say you've got to at least address this? Do you see what I'm saying? They asked for more relief and didn't get it. I think it was dismissed without prejudice and sent to the CPA panel. I mean without prejudice and sent to the CPA panel. Okay. I mean that's what the record says. Then the question that comes up is whether or not, given the fact that they contested the substantive law, and they do contest the substantive law. Now, I'm not used to people filing affidavits with the federal court and stating certain facts. It wasn't a legal argument made by counsel. It was a statement of fact made by witnesses that they had no contact with Louisiana. Now, what he's saying is that's a legal argument that came from their position that, well, we had only three clients in Louisiana, we did this and this, and therefore it doesn't satisfy the minimum contact. You don't have the ability to bend the facts. What they said is they factually said something. Okay. Under oath. Under oath. Okay. Counsel, can you tell me where I'll find that in the record where an affiant said we had no contacts with Louisiana? It's in the affidavit. Of? Of Aja. There's three of them. All three say that? Mm-hmm. Okay. We'll look at that. Okay. So the question becomes under Cotter whether you can apply. The first question is, is it procedural or substantive? The Cotter case says it's substantive law. Okay? I don't think they contested that. So if the CPA statute is substantive law, then the question becomes at what point in time can you decide which law is going to be applicable? All right. I think you've made that argument. And they contested that all the way up until the February of 2017. Okay. Thank you, Mr. Price. Your time has expired, and we appreciate both sides' arguments, and the case is under submission.